IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMAR WATERS,                    §
                                 §   No. 254, 2018
   Defendant Below,              §
   Appellant,                    §   Court Below: Superior Court
                                 §   of the State of Delaware
   v.                            §
                                 §   Cr. ID No. K1606005381A and B
STATE OF DELAWARE,               §
                                 §
   Plaintiff Below,              §
   Appellee.                     §

Submitted: June 12, 2019
Decided:   June 26, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 26th day of June, 2019, having considered the briefs and the record below, it appears to the Court that:

(1)     After his first trial resulted in a hung jury, a second Superior Court jury convicted Jamar Waters of two counts of robbery first degree and possession of a firearm during commission of a felony for the armed robbery of a gas station. The Superior Court judge also found him guilty of the severed charge of possession of a firearm by a person prohibited. He was acquitted of conspiracy second degree. Waters has raised two issues for the first time on appeal—the photo array used to identify him was impermissibly suggestive, and the evidence was insufficient to

convict him of the crimes. Under plain error review, we find no error and affirm his convictions.

(2) According to the evidence introduced at trial, on June 6, 2016 Amarjeet Singh and Garender Singh were working at a gas station in Dover. A white and a black male, identified as Jason Cline and Jamar Waters, respectively, entered the store. Waters produced a gun and demanded money from Amarjeet. After getting $200-300 from Amarjeet, Waters pointed the gun at Garender and demanded money. A surveillance video captured the event, although with limited images of the black male's uncovered face.

(3) The two men fled from the scene of the crime. Responding Dover police officers apprehended Cline right after the robbery. The police took Cline back to the gas station where Amarjeet identified Cline as the white male participating in the robbery. Amarjeet described the other robber as a black male with long dreadlocks and a black shirt. Searching the Facebook posts of Cline's acquaintance, detectives found a recent photograph of Cline and Waters together. Police prepared a photo array which included Waters' DELJIS photograph. The other five individuals were randomly chosen black males with dreadlocks—three with short hair and two with long hair. Only Waters' photograph had an individual with a black shirt and long hair. The day after the robbery Amarjeet looked at the photos,

identified Waters, and said he was 100% certain the photo depicted the black male who participated in the robbery.

(4)     Cline pled guilty to second degree robbery. At trial, Cline testified that he was not involved in the crime, and that Waters was not at the gas station. The State introduced the video of an unmasked robber taking money from the victims, the Facebook post of the two men together, and the victim's in-court and out of court identifications of Waters. A Superior Court jury convicted Waters of crimes related to the robbery. The trial judge convicted Waters of the weapons offense. The trial judge sentenced Waters as an habitual offender to 90 years' incarceration.

(5)     On appeal, Waters argues that the photo array was impermissibly suggestive. Because Waters did not raise the claim of error in the Superior Court, we review for plain error.[1] Under plain error review "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process," and the error must be "basic, serious and fundamental . . . and clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[2] The totality of the circumstances must be taken into account to decide whether an identification is impermissibly suggestive.[3] To violate due process, there must be a "substantial likelihood of irreparable misidentification."[4]

---

[1] *Small v. State*, 51 A.3d 452, 456 (Del. 2012).
[2] *Id.* (*quoting Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).
[3] *Younger v. State*, 496 A.2d 546, 550 (Del. 1985).
[4] *Monroe v. State*, 28 A.3d 418, 431 (Del. 2001).

(6) Here, the totality of the circumstances weighs strongly against any misidentification. While it is correct that Waters' image was the only one with a combination of long hair and a black shirt, other evidence supports the reliability of the identification. Amarjeet saw Waters' unmasked face, was "100%" certain of his identification, and re-identified Waters in court.[5] The identification also took place the day after the robbery, when the memory was still fresh in Amarjeet's mind.

(7) Additionally, while police should take active steps to avoid potentially suggestive identifications, the evidence is lacking that the police intentionally manipulated the photo lineup. The black shirt was in Waters' DELJIS photo, the other photos were randomly assigned, and the hair choice of dreadlocks within the computer program did not allow for long or short hair. Thus, under the totality of the circumstances the photo array was not impermissibly suggestive, and the identification did not need to be excluded from the evidence at trial.

(8) Waters also argues that there was insufficient evidence to convict him of all charges. As this issue was not presented below, we review for plain error.[6] The Superior Court did not plainly err in failing to acquit Waters of the charges. The jury saw the surveillance video of the robbery, the Facebook photograph of Cline and Waters together, the photo array identification of Waters, and the in-court and

---

[5] App. to Opening Br. at A53 (Tr. of Trial).
[6] *Small v. State*, 51 A.3d 452, 456 (Del. 2012).

out of court identifications of Waters as the black male committing the robbery. A rational jury could find that Waters committed the crimes and was guilty beyond a reasonable doubt of all the charges.[7] The Superior Court judge was also free to rely on evidence from the first trial to convict Waters of the firearm charge.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[7] *Fletcher v. State*, 870 A.2d 1191, 2005 WL 646841 (Mar. 16, 2005) (TABLE).
[8] *See Peterson v. State*, 81 A.3d 1244, 1247, n. 20 (Del. 2013) ("This Court has consistently held that a jury acquittal of PFDCF and of the underlying felony does not operate as collateral estoppel to preclude a bench trial conviction for PFBPP.").